UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK ALLEN BERTRAM | : | PRISONER |
| | : | CIVIL NO. 3:02CV1613 (AVC)(TPS) |
| VS. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | OCTOBER 27, 2003 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I.    INTRODUCTION

This is a civil rights complaint wherein the plaintiff, an inmate currently incarcerated at the Adult Correctional Institution in Cranston, Rhode Island, has alleged that he received inadequate medical care for a back condition during the period from July, 2000 through May 24, 2001 when he was incarcerated at the MacDougall Correctional Institution in Suffield, Connecticut pursuant to the interstate corrections compact with the State of Rhode Island. The plaintiff did receive evaluations and tests relating to his back complaints while incarcerated in Connecticut. Since he was a Rhode Island inmate, the Connecticut Department of Correction had to obtain advance written approval from the Rhode Island Department of Correction prior to providing any non-routine medical evaluation and treatment for which Rhode Island could be billed separately. On May 24, 2001, the plaintiff was returned to Rhode Island so that the Rhode Island Department of Correction could pursue whatever further evaluations were deemed appropriate by them to assess the plaintiff's condition and treatment needs.

In his complaint, the plaintiff refers to a civil rights complaint which he apparently filed in the United States District Court for the District of Rhode Island against certain Rhode Island correctional officials relating to the same back condition which is the subject of the present

lawsuit.    The plaintiff also refers to numerous appendices to his complaint which were not included with the copies of the complaint served on the defendants.  The complaint in this case references many paragraphs which were omitted from the copies served on the defendants because they apparently relate to Rhode Island correctional officials.  In the final pages of his complaint, the plaintiff makes a number of claims as to some or all of the evaluations and treatments he has received since his return to Rhode Island on May 23, 2001.

On February 11, 2003, the defendants mailed to the plaintiff defendants' First Set of Interrogatories and Request For Production.  Thereafter, as more specifically set forth in the accompanying Motion To Dismiss, Certification of Counsel and exhibits attached thereto, defendants have attempted to obtain responses to their discovery requests through correspondence with the plaintiff and a Motion To Compel.  The plaintiff was ordered by the Court to respond to all outstanding discovery requests by July 17, 2003.  As of this date, the defendants have received no responses to their interrogatories and requests for production.

There are many questions which the defendants need answered and documents which the defendants need to review in order for them to properly defend themselves in this action.  The interrogatories and production requests filed by the defendants are appropriate and relevant to issues pertaining to the plaintiff's medical condition, evaluations and treatments he may have received for that condition, and/or any alleged damages that he may be seeking in this lawsuit. Under the scheduling order, the time for filing motions for summary judgment will expire in the next few days.  Given the refusal of the plaintiff to respond to discovery and the failure of the plaintiff to comply with the Court Order that he respond to all outstanding discovery, the

defendants respectfully submit that the sanction of dismissal of the action is appropriate and warranted in this case.

## II.    ARGUMENT

### A.    DISMISSAL IN THIS CASE IS APPROPRIATE UNDER RULE 37(b)(2)(C) FOR FAILURE TO OBEY AN ORDER TO PROVIDE OR PERMIT DISCOVERY

Rule 37(b)(2)(C) provides, in pertinent part, that when "a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . .," the Court may sanction that party by entering "[a]n order striking out pleadings or parts thereof, or staying further proceeding until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." While a failure to respond to interrogatories and production requests justifies immediate sanctions under Rule 37(d) of the Federal Rules of Civil Procedure without the need for any court order, in this case the Court has entered an order pursuant to Rule 37(a) requiring the plaintiff to comply with the defendants' discovery requests. Sanctions are therefore appropriate under both Rule 37(b)(2) and Rule 37(d).

A flagrant disregard of a court order requiring compliance with discovery requests justifies the imposition of the sanction of dismissal. Dismissals of complaints have been upheld in cases where a plaintiff has failed to fully comply with the Court's discovery order over an extended period of time even where there was some attempt to partially respond to discovery requests. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 47-50 (2d Cir. 1994) (pro se plaintiff failed to appear to complete his deposition after two less than successful deposition

3

sessions); <u>Minotti v. Lensink</u>, 895 F.2d 100 (2d Cir. 1990) (documents provided by the pro se plaintiff were inadequate and ignored requests for tax documents and other materials). In the present case, the plaintiff has not even partially responded to discovery requests that were filed eight (8) months ago despite being ordered to do so.

The plaintiff's failure to respond to discovery has made it impossible to prepare proper affidavits in support of summary judgment and/or to prepare for trial. If the plaintiff was precluded from introducing into evidence all information and materials which are responsive to defendants' pending discovery requests, he would be unable to proceed any further with this case.

**B.    DISMISSAL IN THIS CASE IS APPROPRIATE UNDER RULE 37(d) FOR FAILURE TO RESPOND TO DEFENDANTS' DISCOVERY REQUESTS.**

Rule 37(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a party ... fails ... (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B) and (C) of subdivision (b) (2) of this rule.

Under Rule 37(d), the Court may impose sanctions directly for the failure to respond to interrogatories and production requests without first issuing an order to compel discovery. <u>Penthouse Intern., Ltd. V. Playboy Enterprises</u>, 663 F.2d 371, 390 (2d Cir. 1981); <u>Charter House Ins. Brokers v. New Hampshire Ins.</u>, 667 F.2d 600, 604 (7th Cir. 1981). The rationale for this rule is explained at 4A Moore's Federal Practice, Para. 37.05 (2d Ed. 1995) at 37-116 to 118 as follows:

In such a system, designed to operate insofar as possible without judicial intervention, it is crucial, of course, that the initial request be answered and such objections as the party may have be set forth. If it were necessary to seek a court order requiring a response, followed by a response setting up objections, followed by a second motion to resolve the objections and order discovery, the possibility for delay and abuse would be apparent. Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond ... and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation. Rule 37(d) deals, then, with failure to make the initial response required by the Rules, while subdivisions (a) and (b) provide a method of resolving differences between the parties and enforcing the court's determinations.

In the present case, a dismissal of the Complaint pursuant to Rule 37(d) would be justified given the failure to respond to discovery over an extended period of time.

## III.    CONCLUSION

For all of the foregoing reasons, the defendants' Motion to Dismiss should be granted.

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____
Richard T. Couture
Assistant Attorney General
Federal Bar No. 05480
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-Mail: richard.couture@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid,

this 27th day of October, 2003 to:

Frank Allen Bertram, Inmate No. 74523
Adult Correctional Institution
Medium Security 1
PO Box 8274
Cranston, RI  02920


_____
Richard T. Couture
Assistant Attorney General