## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

FRANK ALLEN BERTRAM     :    PRISONER
            :    CIVIL NO. 3:02CV1613 (AVC)(TPS)
  VS.          :
            :
JOHN ARMSTRONG, ET AL.    :    OCTOBER 27, 2003

### CERTIFICATION OF COUNSEL IN
### SUPPORT OF MOTION TO DISMISS

In accordance with the provisions of Rule 37(d) of the Federal Rules of Civil Procedure, undersigned counsel certified as follows:

1.   On February 11, 2003, the defendants mailed to the plaintiff defendant's First Set of Interrogatories and Request For Production. See attached Exhibit A.

2.   When the plaintiff had not responded to defendants' discovery request by April 24, 2003, counsel for the defendants sent him a letter indicating that the defendants would file a motion to compel disclosure and discovery responses if the plaintiff did not respond to defendants' discovery requests by May 10, 2003. See attached Exhibit B.

3.   Having received no discovery responses, the defendants filed a motion to compel discovery responses on May 16, 2003.

4.   On June 27, 2003, the Court entered an order requiring the plaintiff to respond to all outstanding discovery requests by July 17, 2003.

5.   Under the current scheduling order, all dispositive motions in this case were to be filed by September 14, 2003. Having received no discovery responses from the plaintiff, the defendants received an extension of time to November 1, 2003 within which to file a dispositive

motion. In their motion for extension of time dated September 4, 2003, the defendants noted that they would move for a dismissal of this action if the plaintiff did not respond to all outstanding discovery by October 26, 2003.

6.      It is now October 27, 2003, and the plaintiff has failed to respond in any way to the defendants' discovery requests and has failed and refused to comply with the order of the Court requiring that discovery responses be file by the plaintiff by July 17, 2003.

7.      As detailed in the defendants' earlier memorandum in support of their motion to compel, the information and documents sought by the defendants are necessary to fully understand the nature of the complaint, the nature of the plaintiff's medical condition, any evaluations and treatment he may have received for his medical condition and any alleged damages he may be seeking in this and other lawsuits.

8.      The defendants have been prejudiced by the failure of the plaintiff to respond to discovery in that the information sought by the defendants would be relevant to any motion for summary judgment. Under the extension of time granted by the Court, motions for summary judgment must be filed by November 1, 2003.

9.      The defendants have attempted to obtain responses to their discovery requests by letter and by motion to compel.

10.      The defendants have put the plaintiff on notice that they would move to dismiss this case if the plaintiff did not respond to all outstanding discovery by October 26, 2003.

2

11.     Despite the good faith efforts of the defendants to obtain discovery responses, the plaintiff has failed to respond to the defendants' discovery requests which were served on the plaintiff more than eight (8) months ago.


_____
Richard T. Couture
Assistant Attorney General
Counsel for the Defendants

Subscribed and sworn to before me this 27th day of February, 2003.


_____
Henri    Alexandre
Commissioner of the Superior Court

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTAL
ATTORNEY GENERAL


BY: _____
Richard T. Couture
Assistant Attorney General
Federal Bar No. ct05480
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591

3

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, potage prepaid,

this 27th day of October 2003, to:

Frank Allen Bertram, Inmate No. 74523
Adult Correctional Institution
Medium Security 1
PO Box 8274
Cranston, RI  02920


Richard T. Couture
Assistant Attorney General

# EXHIBIT A

FILE COPY

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK ALLEN BERTRAM | : | PRISONER<br>CIVIL NO. 3:02CV1613 (AVC) (TPS) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | FEBRUARY 11, 2003 |

## DEFENDANTS' FIRST SET OF INTERROGATORIES
## AND REQUEST OF PRODUCTION

## I.    INSTRUCTIONS AND DEFINITIONS

1.     These Interrogatories shall be deemed continuing, so as to require supplemental answers if further information is obtained between the time the answers are served and the time of a hearing on the Complaint.

2.     If plaintiff is not competent to answer all the Interrogatories, the responses should be separately answered under oath by as many agents of the plaintiff as necessary.

3.     As used herein, the term "document" means the original as well as any copy regardless of origin or location of any typewritten, handwritten, printed or recorded material including, but not limited to, any book, pamphlet, periodical, letter, memorandum, telegraph, report, record, study, handwritten note, working paper, chart, paper, graph, index, tape, disc data sheet, data processing card, diary, calendar, business records, address and telephone records, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter however produced or reproduced to which you have or have had access or control.

4.    As used herein, the term "identify" or "identification" with reference to a document means to state the date, author (and, if different, the signer or signers), the address, document (e.g., letter, memorandum, etc.) and its present or last known location and the name and address of the person having custody or control of such document.  If any such document was, but is no longer in your possession or subject to your control, state the disposition made of it, the reason for such disposition and the date thereof, its present location and the name and address of the person having custody or control of such document.

5.    As used herein, the term "you" means you, yourself, the person to whom these Interrogatories are addressed or any of your agents, deputies, assignees, partners, associates, or any employees, employers or organizations of which you are a member or an employee, or any person acting on your behalf.

6.    Without limitation, a document is deemed to be in your "control" if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

7.    "Communicate" or "communication" means every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

8.    Use of the term "identify" with reference to an individual person, means to state his full name, present position, home address, present position and business affiliation or employment.  "Identify" as to a communication means to state the date of the communication, the type of communication, the place where such communication was made, the identities of the

2

maker(s) and the receivers of the communication and of each person present when it was made, and the subject matter discussed.

9.    The masculine shall include the neuter or feminine gender, unless the context expressly indicates otherwise; the singular includes the plural and vice versa; the present tense includes the past tense and vice versa; and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

10.    If any of the information requested in answer to the Interrogatories propounded herein is available in machine-readable form (such as punch cards, paper, or magnetic tapes, drums, discs, or core storage), state the form in which it is available and describe the type of computer or other machine required to read the records.  If the information requested is stored in a computer, indicate whether there is an existing program which will print the records in the form desired, or if no program exists, whether one can be written.

11.    If you do not answer any Interrogatories because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege and identify all documents for which such privilege is claimed.

3

## II.    **INTERROGATORIES**

1.    Please state the name(s), address(es), and title(s) of the person(s) answering these interrogatories.  If these interrogatories are being answered by more than one person, state the name, address and title of each such person and identify the answers given by each person.

**RESPONSE:**

2.    Please state your full name, age, address and Social Security number.

**RESPONSE:**

3.    Have you made any claims or filed any lawsuits against any person(s) or organization(s) for damages for any of the conditions or illnesses alleged in your Complaint?

**RESPONSE:**

4.      If the answer to Interrogatory No. 3 is affirmative please state as to each such claim and/or lawsuit:

(a)      The name(s) and address(es) of the parties against whom the claim was made;

**RESPONSE:**

(b)      The nature of the claim;

**RESPONSE:**

(c)      The date of the claim;

**RESPONSE:**

(d)      The court and docket number of any lawsuit you brought as a result of such conditions or illnesses; and,

**RESPONSE:**

5

(e)     The amount of any settlement or recovery.

**RESPONSE:**

5.     If you have received examination or treatment for the injuries, conditions or illnesses alleged in your Complaint from any physician, nurse, medic or other medical practitioner other than the medical staff employed by the Connecticut Department of Correction, please state:

(a)     The name, address and medical specialty of each such physician or other medical practitioner;

**RESPONSE:**

(b)     List as to each physician or other medical practitioner named in part (a) the date of each examination and treatment;

**RESPONSE:**

       (c)      State as to each physician or other medical practitioner named in part (a) whether treatment has been concluded or is continuing;

**RESPONSE:**

     6.     If you have received examination or treatment at any medical facility other than a Connecticut Department of Correction medical unit for the conditions or illnesses alleged in your Complaint, please state:

       (a)      The name and address of each such hospital or other medical facility;

**RESPONSE:**

       (b)      List as to each hospital or other medical facility named in part (a) the date(s) of each examination and treatment;

**RESPONSE:**

(c)    As to each hospital and other medical facility named in part (a), state whether you were admitted as a patient or examined and treated as an outpatient;

**RESPONSE:**

(d)    If you were admitted as a patient at any hospital or other medical facility named in part (a), state the date(s) of your confinement in such hospital or other medical facility;

**RESPONSE:**

7.    If you claim you are not fully recovered from the injuries, illnesses and conditions alleged in your Complaint, state in detail the nature of injuries, illnesses, conditions and disability from which you are presently suffering.

**RESPONSE:**

8

8.      If you claim any permanent disability as a result of the injuries and conditions alleged in your Complaint, please:

(a)      Describe the claimed disability;

**RESPONSE:**

(b)      State in what way and to what extent you claim it is disabling;

**RESPONSE:**

(c)      State in what way and to what extent (if at all) you claim it presently restricts or limits your activities; and,

**RESPONSE:**

9

(d)      Give the name and address of any physician or other health care professional who has given an opinion respecting the nature or extent of the disability claimed by you.

**RESPONSE:**

9.      Please describe in detail any disease, disability, or defect, whether physical, mental or emotional, from which you were suffering prior to and at the time of the injuries or illnesses alleged in your Complaint.

**RESPONSE:**

10.      If, at any time prior or subsequent to the incident alleged in your Complaint, you had any accidents, serious illnesses or operations, describe in detail the nature of said injuries, serious illnesses or operations and the date when each occurred.

**RESPONSE:**

(c)    The dates of such treatment and confinement; and,

**RESPONSE**:

(d)    Whether or not you had been discharged from such treatment at the time of the actions alleged in your Complaint.

**RESPONSE**:

13.    State precisely how the plaintiff calculated the amount requested in the Complaint by setting forth in detail, including without limitation, the following elements or items and their respective dollar amounts, and state the name and address of the person or organization to whom each item is payable and the dates such expenses were incurred;

(a)    Medical bills;

**RESPONSE**:

(b)    Lost earnings;

**RESPONSE**:

(c)      Lost benefits;

**RESPONSE:**

(d)      Nursing and household help;

**RESPONSE:**

(e)      Medication; and,

**RESPONSE:**

(f)      Other elements or claims of damages.

**RESPONSE:**

14.    If you have received any money in reimbursement for any expenses incurred as a result of the injuries, conditions or illnesses alleged in your Complaint, please state the amounts received, when received, and the name and address of the person or organization who paid each amount.

**RESPONSE:**

15.    If you have received any money in compensation for any injuries, conditions or illnesses alleged in your Complaint, please state the amount received, when received, and the name and address of the person or organization who paid each amount.

**RESPONSE:**

16.    Please state whether you, your spouse, your children, your parents or any other of your dependents have ever received city or state welfare, AFDC payments for any children, residential or program services of any kind from the Connecticut Department of Child and Youth Services or the Connecticut Department of Mental Retardation, Medicaid payments, or public assistance of any kind.  If yes, please identify the type of public assistance or services, the dates

during which the assistance or services were provided and the provider of the assistance or services.

**RESPONSE:**

17.    Please list in chronological order all places where you have been employed or engaged in business during the twenty year period preceding the injuries, conditions or illnesses alleged in your Complaint, including self-employment, and indicate for each place of employment;

(a)    The dates of employment;

**RESPONSE:**

(b)    Your job title or position with a brief description of your job duties;

**RESPONSE:**

15

(c)    Whether the employment was continuous or seasonal and the number of hours worked per week; and,

**RESPONSE:**

(d)    The dollar amount of wages, salary, income, or other remuneration received at each place of employment or business on a weekly basis.

**RESPONSE:**

18.    If you claim that your participation in any of your normal activities and hobbies was affected as a result of the injuries, conditions or illnesses alleged in your Complaint, please:

(a)    List the activities and hobbies so affected; and,

**RESPONSE:**

16

(b)     As to each activity and hobby listed in part (a), state the extent to which your ability to participate in such activity or hobby has been impaired and the duration of such impairment.

**RESPONSE:**

19.     If you claim an impairment of earning capacity, please state the basis of your claimed earning capacity and the extent to which you claim it has been impaired.

**RESPONSE:**

20.     Please identify by name and address each person you expect to call as an expert witness at any trial which may be held relating to your Complaint.

**RESPONSE:**

17

21.     As to each expert identified in the preceding Interrogatory, please state:

(a)     The subject matter on which each such expert is expected to testify;

**RESPONSE**:

(b)     The substance of the facts and opinions to which each such expert is expected to testify; and,

**RESPONSE**:

(c)     A summary of the grounds for each such opinion.

**RESPONSE**:

22.     If the plaintiff has any dependents, please state for each dependent their name, relationship to the plaintiff, address, date of birth, Social Security number and the basis for their dependence on the plaintiff.

**RESPONSE**:

## C.    <u>PRODUCTION REQUESTS</u>

Defendants request that the plaintiff provide them with copies of the documents described below within thirty days of the date of this request.

1.    Copies of all medical reports and records and itemized doctor bills and hospital bills pertaining to examination and/or treatment of the injuries, conditions or illnesses alleged in your Complaint and in answer to Interrogatories above, and itemized bills for all drugs, medicines, appliances and other expenses, including but not limited to, household help, ambulance and any other expense stated in answer to Interrogatories above.  Please include in your response to this request copies of any and all medical records relating to the treatment and evaluation which you received from any and all medical providers, including but not limited to, hospitals, infirmaries, medical clinics, physicians, nurses, therapists and mental health professionals, during the period May 23, 2001 to the present.

2.    Copies of all documents pertaining to other lawsuits and claims identified in response to Interrogatory No. 4 including, but not limited to, a copy of the Complaint which you filed in the U.S. District Court in Rhode Island, Docket No. 01-422 ML.

3.    All documents used or referred to in responding to Interrogatory No. 14.

4.    All documents used or referred to in responding to Interrogatory No. 15.

5.    All documents used or referred to in responding to Interrogatory No. 16.

6.    All documents used or referred to in responding to Interrogatory No. 17.

7.    A copy of all of the documents listed in your Complaint as attachments and appendices to the Complaint.  Said documents should be numbered in accordance with the numbering system used in your Complaint, i.e., Appendix B-1, B-2, etc.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:    _____
Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05480
E-Mail:  richard.couture@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid,

this 11th day of February, 2003, to:

Frank Allen Bertram, # 74523
Adult Correctional Institution
Medium Security 1
P.O. Box 8274
Cranston, RI  02920

_____
Richard T. Couture
Assistant Attorney General

20

# EXHIBIT
# B

FILE COPY

**RICHARD BLUMENTHAL**
ATTORNEY GENERAL



MacKenzie Hall
110 Sherman Street
Hartford, CT  06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

April 24, 2003

Mr. Frank Allen Bertram, No. 74523
Adult Correctional Institution
Medium Security 1
P.O. Box 8274
Cranston, RI  02920

RE:  **Bertram v. Armstrong, et al.**
     **No. 3:02CV1613 (AVC) (TPS)**

Dear Mr. Bertram:

On February 11, 2003, I mailed to you Defendants' First Set of Interrogatories and Request for Production in connection with the above-referenced lawsuit.  To date, I have not received any response from you with respect to Defendants' First Set of Interrogatories and Request for Production.

Under the Federal Rules of Practice, interrogatories and production requests should be responded to within thirty days.  Under the Local Rules of Practice for the United States District Court in Connecticut, I must confer with you in an effort to resolve any discovery disputes prior to requesting an order from the Court compelling disclosure or discovery.  Through this letter, I am putting you on notice that I intend to file a motion with the Court seeking an order compelling you to answer my earlier interrogatories and provide me with copies of the documents which I have requested.  I intend to file a motion to compel disclosure and discovery if I do not receive your interrogatory responses and the requested documents by May 10, 2003.

Very truly yours,

Richard T. Couture
Assistant Attorney General

RTC/ni