UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK ALLEN BERTRAM                    :           2004 FEB 17 A 9: 58

v.                                     :           C.A. No.: 3:02CV1613 (AVC)(TPS)

JOHN ARMSTRONG, et als.                :


**PLAINTIFF FRANK BERTRAM'S RESPONSES
TO DEFENDANTS' REQUESTS FOR PRODUCTION**


Plaintiff, Frank Bertram hereby provides the within responses to Defendants'
Requests for Production:

**Response to No. 1:**   Please see copies of medical records and documents produced
herewith.  Plaintiff's document response to this request exceeds 1,000 pages of medical
records and related documents.

**Response to No. 2:**  Objection on the grounds that this request is overly burdensome.
Copies of all pleadings filed in Frank Bertram v. Ashbel T. Wall, et als.; United States
District Court, C.A. No. 01-422 ML are available for inspection and copying at the Civil
Clerk's Office, Two Exchange Terrace, Providence, Rhode Island.  Copies of any
pleadings in the possession of the Plaintiff are available for inspection and copying at any
time at the Adult Correctional Institution, Medium II, Cranston, Rhode Island.

Plaintiff hereby produces copies of the following:

1.  Original Complaint filed September 10, 2001;

2.  Additional Statement of Facts dated July 15, 2002; and

3.  Amended Complaint undated.

**Response to No. 3:**  See enclosed Stipulation and related documents.  No payment has

been made to date.

**Response to No. 4:**  See No. 3 above.

**Response to No. 5:**  None.

**Response to No. 6:**  See my response to Interrogatory No. 17.

**Response to No. 7:**  See my response to No. 2 above.

Plaintiff,

Frank Bertram

Pro Se
Inmate #74523
P.O. Box 8274
ACI Medium Security
Cranston, RI  02920

Dated: February 14, 2004

## CERTIFICATION

I hereby certify that I sent a true copy of the within document via federal express,
postage prepaid on this 14th day of February, 2004 to the following:

Civil Clerk
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

Richard T. Couture, Esq.
Assistant Attorney General
Connecticut Department of Attorney General
110 Sherman Street
Hartford, CT 06105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK ALLEN BERTRAM    :
             :
v.            :   C.A. No.: 3:02CV1613 (AVC)(TPS)
             :
JOHN ARMSTRONG, et als.   :

### PLAINTIFF FRANK BERTRAM'S RESPONSES
### TO INTERROGATORIES

**General Objection:**

Plaintiff hereby objects to the "Instructions and Definitions" section of the discovery requests on the grounds that they exceed the scope of permissible discovery and the rules governing this action.

**Answer to No. 1:**

Mr. Frank Allen Bertram
P.O. Box 8274
ACI Medium Security
Cranston, RI 02920

**Answer to No. 2:**

See above, D.O.B.: 5/30/61, 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

**Answer to No. 3:**

Yes.

**Answer to No. 4:**

(a) This defendant is well aware of the identity of the parties to this action. With

reference to the Rhode Island action titled:

> Frank Bertram v. Ashbel T. Wall, et als.;
> United States District Court for the District of Rhode Island, C.A. No. 01-422 ML

A full list of the defendants in the above action are listed on the first page of the

Complaint. A copy of the first page is produced herewith in accord with the provisions

of Rule 33(d).

The Plaintiff is not aware of the addresses of all the parties listed therein. Dr. Ann

Spaulding has relocated to Atlanta, Georgia. Defendants A.T. Wall, Melvin White and

Richard Marocco were represented in the above action by the Rhode Island Department

of the Attorney General, 150 South Main Street, Providence, Rhode Island, 02903. Dr.

Spaulding was represented by Jay Elias, Ratcliff, Burke, Harten & Elias, 1600 Financial

Plaza, Providence, Rhode Island.


(b) Plaintiff filed the within action pursuant to 42 U.S.C. §1983, alleging deprivation of

his Eighth and Fourteenth Amendment rights, negligence and medical malpractice

against the enumerated defendants.

(c) On or about September 10, 2001.

(d) See response to (a) above and Frank Bertram v. Armstrong, et al., United States

District Court for the District of Hartford, No. 3:02CV1613 (AVC)(TPS).

(e) The above action was settled prior to trial for $1,500.00 from defendant Richard

Marocco (represented by the Department of Attorney General). The claims against

Melvin White, A.T. Wall and Dr. Spaulding were dismissed on summary judgment,

although final judgment did not enter due to the Court's attempt to avoid piece-meal

appeals. All claims were dismissed by Stipulation signed by representatives of all parties

on February 11, 2004.

**Answer to No. 5:** Pursuant to the provisions of Rule 33(d), the Plaintiff hereby directs

this defendant to the medical records which are being produced in response to this

defendants request for production and Plaintiff is producing a medical release which will

enable this defendant to obtain copies of any relevant medical records.

The Plaintiff sets forth that he has received treatment at the following:

J. Frederick Harrington, M.D.
Neurosurgery Foundation
55 Claverick Street
Providence, RI 02903

Rhode Island Hospital
53 Eddy Street
Providence, RI 02903

Eleanor Slater Hospital
Cranston, Rhode Island 02920

D&H Therapy
4 Wake Robin Road
Lincoln, RI 02865

RI Department of Corrections
Cranston, RI 02920

James E. McLennan, M.D.
One Randall Square, Suite 410
Providence, RI 02904

The MRI Center
1145 Reservoir Avenue
Cranston, RI 02920

University of Connecticut Health Center
John Dempsey Hospital
CT

      The dates and particulars of the examinations, including physicians names and the

treatments rendered are contained therein and available for review pursuant to Rule

33(d).

(c) I continue to be treated by J. Frederick Harrington, MD and receive daily

physical therapy.

**Answer to No. 6:** (a) – (d)  See response to No. 5 above.

**Answer to No. 7:** Objection on the grounds that the Plaintiff is not qualified to provide a complete response to the question asked since it seeks the opinions of medical expert witnesses not yet retained to testify at trial.  Pursuant to the provisions of Rule 33(d), the Plaintiff hereby directs this defendant to the medical records which are being produced in response to this defendants request for production and Plaintiff is producing a medical release which will enable this defendant to obtain copies of any relevant medical records.

In addition, I will state that in the Fall of 2003 I underwent additional back surgery in which a drain was placed in my back to drain the arachnoid cyst.  I presently ambulate with the assistance of "canadian crutches" and a wheelchair.  I have been told by Dr. Harrington that many of my disabilities are permanent and my neurological sensation is compromised.

**Answer No. 8:**  **(a) – (d)** Objection on the grounds that the Plaintiff is not qualified to provide a complete response to the question asked since it seeks the opinions of medical expert witnesses not yet retained to testify at trial.  Answering as a lay person only, I have been told by Dr. Harrington that many of my neurological deficits and resulting disabilities are permanent.  I have decreased sensation and motor ability in my lower extremities which I have been told is permanent.

**Answer No. 9:** Objection on the grounds that the Plaintiff is not qualified to provide a complete response to the question asked since it seeks the opinions of medical expert witnesses not yet retained to testify at trial.  Answering as a lay person only, prior to the

events in question in this suit I was not suffering from any physical ailment even remotely close to the medical issues in question in this case.

**Answer No. 10:**  Objection on the grounds that the Plaintiff is not qualified to provide a complete response to the question asked since it seeks the opinions of medical expert witnesses not yet retained to testify at trial.  Answering as a lay person only, I was healthy prior to the events of this action.  Please see my response to No. 9 above as well.

**Answer No. 11:**  Objection on the grounds that the Plaintiff is not qualified to provide a complete response to the question asked since it seeks the opinions of medical expert witnesses not yet retained to testify at trial.  Answering as a lay person only, I do not contend that I was suffering from a preexisting condition.

**Answer No. 12:**  (a)-(b) Pursuant to the provisions of Rule 33(d), the Plaintiff hereby directs this defendant to the medical records which are being produced in response to this defendants request for production.  Furthermore, starting in the Spring of 2000, while in the custody of the CDOC at the McDougall Correctional Institution, I began experiencing severe headaches, neck pain, stiffness, and back pain.  These symptoms continued and then I began experiencing loss of control of my limbs, patchy numbness and urinating hesitancy.  In October of 2000 and again in December 2000, I was admitted to the University of Connecticut Medical Center for evaluation and testing.  A Utilization Review Report from the CDOC dated January 5, 2001 resulting from a December 13, 2000 examination by Dr. Silvis, indicates that a request for non-routine healthcare (i.e., neurological consultation) was sent to RIDOC along with an MRI report.

During the period from July of 2000 through February of 2001, there are approximately 72 entries in the records regarding complaints by me for medical attention.

**Answer No. 13:** (a)-(f) My calculations are as close an approximation of the amount of damages I have sustained due to these incidents. My medical bills have all been paid due to my incarceration. Also, I have no lost earnings to date due to my incarceration. The primary damages I have suffered are my permanent physical disabilities, pain/suffering, and the innumerable inconveniences associated with my physical condition.

**Answer No. 14:** Please see my response to No. 4(e) above.

**Answer No. 15:** Please see my response to No. 4(e) above.

**Answer No. 16:** I am divorced and do not have any children.

**Answer No. 17:** (a)-(d) Objection, relevance. I am not making any lost wage claim in this suit. In addition, I have been incarcerated since 1988.

**Answer No. 18:** (a)-(b) While my activities and hobbies are limited due to my incarceration, I can state that my present physical status severely limits my ability to engage in the vast majority of activities described in the question as "normal." I can not walk across a room with out the assistance of crutches or my wheelchair. Yes, my activities are limited.

**Answer No. 19:** Please see my response to No. 17 above.

**Answer No. 20:** No expert witness has yet been retained to testify at trial. Plaintiff reserves the right to supplement this response in accord with the rules governing this action.

**Answer No. 21:** Please see my response to No. 20 above.

**Answer No. 22:** No.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14TH DAY OF

FEBRUARY.

_____
Frank Bertram

STATE OF RHODE ISLAND
PROVIDENCE, SC.

     Subscribed and sworn to before me in Cranston, Rhode Island, this 14th day of
February, 2004.

_____
NOTARY PUBLIC
COMM. EXPIRES 7/10/05

## **CERTIFICATION**

     I hereby certify that I sent a true copy of the within document via federal express,
postage prepaid on this 14th day of February, 2004 to the following:

Civil Clerk
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

Richard T. Couture, Esq.
Assistant Attorney General
Connecticut Department of Attorney General
110 Sherman Street
Hartford, CT 06105

_____