UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK ALLEN BERTRAM | : | PRISONER<br>CIVIL NO. 3:02CV1613 (AVC)(TPS) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | MAY 27, 2004 |

### AFFIDAVIT OF MARK STRANGE IN SUPPORT OF
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Mark Strange, being first duly sworn, deposes and says:

1. I am currently employed with the Connecticut Department of Correction as the District Administrator for the southern district of the state. I have held this position since May, 2003.

2. I was the Warden at the MacDougall Correctional Institution ("MCI") during the period August, 1996 through May, 2001.

3. In paragraphs 69 through 71 of his Complaint in this matter, Mr. Bertram asserts that he wrote to me on January 30, 2001 regarding some alleged delay in treatment for his back. He further asserts that he stopped me during a tour of the facility on January 31, 2001 and complained again regarding a delay in treatment for his back. According to the Complaint, I then contacted a nurse and was told that the medical staff at MCI was awaiting notification that Rhode Island had approved further evaluation and/or treatment. In paragraphs 126 and 143 of

the Complaint, Mr. Bertram alleges that he spoke to me again about his back on April 10, 2001 and May 3, 2001.

4. I do not recall receiving any written communication from Mr. Bertram regarding any health related issues. In response to the Complaint in this action, the staff in the Warden's Office at MCI have searched the inmate correspondence files for any written communication from Mr. Bertram relating to a health issue and they were not able to find any such communication.

5. While I do recall that Mr. Bertram had filed a habeas corpus petition relating to his back as it was served on my office at MCI, I do not recall having personal conversations with Mr. Bertram regarding health related issues as alleged in paragraphs 71, 126 and 143 of the Complaint.

6. If Mr. Bertram had stopped me during a tour of MCI with a complaint regarding medical care, I would have checked with the medical staff to insure that they were aware of the medical complaint and that it was being addressed. In this case, if the medical staff reported to me that the Utilization Review Committee and the Interstate Compact Office were awaiting Rhode Island's review of the medical issues and approval for further evaluation, I would have reported that to the inmate.

7. The medical staff at MCI and the University of Connecticut Health Center make determinations as to whether a medical complaint is such that it requires immediate emergency intervention or whether it can be handled on a non-emergency basis. I do not have the medical expertise to overrule the medical professionals when they tell me that they are aware of a medical complaint and are addressing it.

I, Mark Strange, do hereby swear that the contents of the foregoing affidavit are true and accurate to the best of my knowledge and belief.

                                                             /s/
                                             Mark Strange

Subscribed and sworn to, before me, this 21st day of May, 2004.

                                             /s/
                                             Richard T. Couture
                                             Commissioner of the Superior Court

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:     /s/
Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05480
E-Mail:  richard.couture@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing Affidavit of Mark Strange was mailed on this 27th day of May, 2004, to:

Frank Allen Bertram, No. 74523
Adult Correctional Institution
Medium Security 1
P.O. Box 8274
Cranston, RI  02920

    /s/
Richard T. Couture
Assistant Attorney General

4